SO ORDERED.

Dated: January 7, 2022

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Proceedings |
| | ) | |
| WILLIAM WARREN STREDNEY, | ) | Case No: 2:09-bk-19578-DPC |
| | ) | |
| Debtor. | ) | Adversary No. 2:10-ap-02223-DPC |
| | ) | |
| STONEHEDGE INTEREST LLC and | ) | **UNDER ADVISEMENT RULING RE** |
| PATRICK MARTIN, | ) | **IMPACT OF A.R.S. § 25-215(D) ON** |
| | ) | **DEBTOR'S MARITAL** |
| Plaintiffs, | ) | **COMMUNITY'S LIABILITY FOR** |
| | ) | **NONDISCHARGEABLE JUDGMENT** |
| v. | ) | |
| | ) | |
| WILLIAM WARREN STREDNEY, | ) | (Not for Publication – Electronic |
| | ) | Docketing ONLY)[1] |
| Defendant. | ) | |
| | ) | |

William Warren Stredney ("Debtor") filed this chapter 7 case on August 14, 2009 ("Petition Date"). On March 11, 2013, Stonehedge Interest LLC (the "LLC") and Patrick Martin ("Martin") (collectively the "Plaintiffs") and Debtor entered into a Stipulated Nondischargeable Judgment ("Stipulated Judgment") in this Adversary Proceeding against Debtor and in favor of Plaintiffs.

Kathleen Richards ("Ms. Richards") and Debtor (together the "Stredneys")[2] argue the Stipulated Judgment is enforceable against only Debtor's sole and separate property

---

[1] This decision sets forth the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. ("Rule") 7052. Rule 7052 is applicable to this adversary case No. 2:10-ap-02223-DPC (the "Adversary Proceeding").

[2] Debtor and Ms. Richards have been married since December 1998. Ms. Richards did not change her name when she married Debtor. DE 103, Exhibit A. "DE" references a docket entry in this Adversary Proceeding. In his

and not against post-Petition Date property acquired by the marital community ("Community") of the Stredneys or against Ms. Richards' sole and separate property.  The crux of the Stredneys' argument is that, pursuant to A.R.S. § 25-215(D), the Stipulated Judgment is not enforceable against post-Petition Date property of their Community because Plaintiffs did not name Ms. Richards in the Stipulated Judgment or any other pleadings filed in this Adversary Proceeding.  The Stredneys argue "as a matter of law a single-spouse money judgment is not enforceable against a marital community and community property *even if the underlying claim was a community claim.*"[3]  Plaintiffs argue A.R.S. § 25-215(D) does not prevent them from collecting from the Community because neither § 523 of the Bankruptcy Code ("Code") nor the Rules require joinder of an innocent non-debtor spouse in a bankruptcy action to deny a debtor's discharge or determine the dischargeability of a debtor's debts.[4]  Plaintiffs contend "the proper time to determine whether a nondischargeable claim is also a community claim is when the creditor seeks enforcement—doing so earlier would be impracticable."[5]

After briefing by the parties,[6] the Court heard oral argument on this matter.  Having heard the parties' arguments and having reviewed their briefs, this Court finds A.R.S. § 25-215(D) does not bar collection on Plaintiffs' Stipulated Judgment from property of the Community despite Ms. Richards was not named as a party to this Adversary Proceeding. That said, due process now requires this Court to determine whether the non-dischargeable debt is a Community obligation.

---

pleadings, counsel for Debtor and Ms. Richards "only for ease of reference," refers to his clients as the Stredneys. The Court shall do the same in this Order.
[3] DE 105, page 4.
[4] DE 102.
[5] DE 102, page 5.
[6] DEs 102-105.

# I.    BACKGROUND

## A.    Debtor's Bankruptcy.

On the Petition Date, Debtor filed this chapter 7 bankruptcy case.[7] Ms. Richards did not join in Debtor's bankruptcy petition.[8] On December 13, 2010, Plaintiffs initiated this Adversary Proceeding by filing their complaint.[9] On September 29, 2011, Plaintiffs filed a second amended complaint ("Amended Complaint") seeking the Court's declaration that its claim for $88,734 was nondischargeable under § 727(a).[10] No judgment was entered on Plaintiffs' claims prior to the Petition Date.

Neither the Amended Complaint nor any pleading filed by Plaintiffs named Ms. Richards nor specified that Plaintiffs' $88,734 claim was a Community debt.[11]

## B.    The Stipulated Judgment.

On March 11, 2013, through their respective counsel, Plaintiffs and Debtor filed a Motion to Approve Stipulation for Settlement and Compromise pursuant to Rule 9019 ("Agreement").[12] Under the Agreement, Debtor consented to the Stipulated Judgment under § 523(a)[13] against him for $120,0000 with interest to accrue from the date of entry of the Stipulated Judgment at the rate of 10% per annum.[14] Plaintiffs promised not to execute on the Stipulated Judgment if Debtor paid $85,000 plus interest according to an agreed upon payment schedule.[15] If Debtor defaulted, the Agreement provided that Plaintiff could pursue all available collection rights and remedies.[16] Debtor "waive[d] all rights to appeal or otherwise challenge or contest the validity of [the Stipulated]

---

[7] Admin DE 1. "Admin DE" references a docket entry in the administrative bankruptcy case 2:09-bk-19578-DPC.
[8] Admin. DE 1.
[9] DE 1.
[10] DE 33.
[11] DE 1, DE 33.
[12] DE 78.
[13] The exact subsection of § 523(a) was not mentioned by the Agreement or the Stipulated Judgment.
[14] DE 76.
[15] DE 76, Exhibit A, page 3.
[16] DE 76, Exhibit A, page 3.

1 | Judgment."[17] Plaintiffs' § 727 causes of action were dismissed. Neither the Agreement

2 | nor the form of the Stipulated Judgment alleged the Debtor's obligations to Plaintiffs were

3 | Community debts. On April 6, 2013, the Court entered an order approving the

4 | Agreement.[18]

5 | Debtor breached the Agreement by failing to make the required payments.[19] Five

6 | years later, at the request of Plaintiffs' new counsel, the Court entered the Stipulated

7 | Judgment.[20] Nothing in the record before this Court suggests the Plaintiffs domesticated

8 | the Stipulated Judgment in any other jurisdiction.

9 | Three years later, Plaintiffs filed a motion requesting Debtor produce certain

10 | documents to assist the Plaintiffs in collecting on the Stipulated Judgment.[21] Debtor

11 | refused Plaintiffs' document requests because the documents related to assets of the

12 | Community. Debtor contended that those documents were irrelevant because neither

13 | Ms. Richards nor the Community were named in the Adversary Proceeding[22] or the

14 | Stipulated Judgment.[23]

15 | At a discovery hearing on July 7, 2021, the Court directed the Debtor to produce

16 | the requested documents and set briefing schedule to determine whether the Stipulated

17 | Judgment was enforceable against property of the Community.[24]

18 |

19 | **II.     JURISDICTION**

20 | This Court has jurisdiction over this bankruptcy case and this Adversary

21 | Proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I).

22 |

23 | [17] DE 84, page 2.
[18] DE 81.
24 | [19] DE 102, page 3.
[20] DE 84.
25 | [21] DE 85.
[22] DE 102, page 4.
26 | [23] DEs 1, 33, 76, 84.
[24] DE 96.

## III.  ISSUE

The issue before this Court is whether § A.R.S. 25-215(D) bars collection on Plaintiffs' Stipulated Judgment from property of the Community where Debtor's spouse was not a party to this Adversary Proceeding.

## IV.  ANALYSIS

### A.  The Community Claim.

Under § 524(a)(3), a bankruptcy discharge prevents the collection of a community claim[25] against community property acquired post-petition.[26] On the other hand, a community claim excepted from discharge under § 523 is automatically excepted from the community discharge pursuant to § 524(a)(3).[27] Whether a creditor's claim is an obligation of a debtor's martial community is purely a question of state law.[28] Under Arizona law, a debt incurred during marriage for the benefit of the marital community is presumed to be a community claim.[29]  A party arguing otherwise must overcome the community liability presumption by clear and convincing evidence.[30] Although debts arising out of the tortious conduct of one of the spouses can be a community debt, "the community is not liable for one spouse's malicious acts unless it is specifically shown that the other spouse consented to the act or the community benefited from it."[31]

Debtor incurred the obligation while married to Ms. Richards.[32]  To date, the Stredneys have not directly contested that the debt which formed the basis of the Adversary Proceeding is a claim against the Community. Debtor conceded in his

---

[25] § 101(7) defines "community claim" as a claim that arose before the commencement of a case for which property specified in § 541(a)(2) is liable.

[26] *In re Rollinson*, 322 B.R. 879, 883 (Bankr. D. Ariz. 2005).

[27] *In re Lockhart-Johnson*, 631 B.R. 38, 45 (9th Cir. BAP 2021).

[28] *FDIC v. Soderling*, 998 F.2d 730, 733 (9th Cir. 1993).

[29] *Arab Monetary Fund v. Hashim,* 219 Ariz. 108, 111 (Ct. App. 2008) *citing United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 198) (Ct. App. 1990).

[30] *Id.*

[31] *Selby v Savard*, 655 P.2d 342, 349 (Ariz. 1982).

[32] DE 102, page 10.

Schedules that the Plaintiffs' claim was a Community debt.[33]  Neither the Debtor nor Ms. Richards have brought forth evidence to the contrary.[34]  On the other hand, Plaintiffs have not demonstrated that Ms. Richards consented to Debtor's actions, which gave rise to Debtor's nondischargeable obligations, or that Debtor's actions benefited the Community. The Court has not yet actually determined the subject debt is a Community obligation nor does this Order purport to do so.

### B.     Effect of a Nondischargeable Judgment on Community Assets.

The issue before the Court requires analyzing the applicability, if any, of Arizona's spousal joinder requirement under A.R.S. § 25-215(D) to nondischargeability proceedings under the Code.  Plaintiffs argue there is no requirement that a creditor join an innocent nondebtor spouse under § 523 of the Code to receive a judgment enforceable against assets of a martial community.[35]

The Stredneys contend that in both Arizona federal and state courts, A.R.S. § 25-215(D) requires joinder of both spouses in order to obtain a judgment enforceable against property of the Community.[36]  The Stredneys distinguish between a § 523 nondischargeability determination ("§ 523 Relief") and a money judgment.[37]  The Stredneys argue that, even if joinder of a nondebtor spouse is not necessary to obtain §523 Relief, spousal joinder is *always* required to obtain an enforceable money judgment against property of an Arizona martial community.[38]

---

[33] Admin. DE. 8, page 16.
[34] As discussed at the hearing on September 13, 2021, the Stredneys are not prevented from hereafter arguing the subject debt is not a Community debt. DE 107.
[35] DE 102.
[36] DE 103, page 11.
[37] DE 103, page 8.
[38] DE 103, page 9.

1       1. <u>A.R.S. § 25-215(D) does not apply to Stipulated Judgments.</u>

2    Arizona's laws concerning liability of community property for certain debts is

3 described in A.R.S. § 25-215. A.R.S. § 25-215(D) states in relevant part:

> Except as prohibited in section 25-214,[39] either spouse may contract debts and otherwise act for the benefit of the community. In an *action on such debt or obligation* the spouses shall be *sued* jointly, and the debt or obligation shall be satisfied: first, from the community property, second from the separate property of the spouse contracting the debt or obligation. (Emphasis added.)

9    Courts have had occasion to review A.R.S. § 25-215(D)'s phrase "in an action on

10 such debt or obligation." The District Court for the District of Arizona clarified the scope

11 and meaning of A.R.S. § 25-215(D).[40] In *Greer*, the plaintiff initiated an action against

12 the defendant, which led to the imposition of fees and costs against the plaintiff under

13 Arizona's fee-shifting statute.[41] When the defendant tried to collect the fees and costs from

14 plaintiff's community property, the plaintiff and his wife argued that A.R.S. § 25-215(D)

15 barred the defendant's collection efforts since the wife was never joined in the litigation.[42]

16 The court held that A.R.S. § 25-215(D) did not prevent the defendant from collecting from

17 the plaintiff's community property because the "judgment [did] not arise from an action

18 brought against a debt or obligation of the community." Rather, plaintiff voluntarily

19 initiated the case.[43] Furthermore, the court highlighted that under A.R.S. § 25-214(C),

20 either spouse can bind the marital community, and the plaintiff bound the community by

21 initiating the lawsuit.[44]

---

[39] A.R.S. § 25-214(C) provides that "[e]ither spouse separately may . . . control or dispose of community property or bind the community."  There are certain exceptions under this statute that require joinder of both spouses to bind the community, e.g., in the event of debt guarantees or transfers of community real property. Those exceptions do not apply to this case.

[40] *Greer v. T.F. Thompson & Sons, Inc.*, No. CV-10-799-PHX, 2013 WL 4512055 (D. Ariz. Aug. 26, 2014); *Stuart v. Scottsdale*, No. CV-20-00755-PHX, 2021 WL 3675220 (D. Ariz. Aug. 19, 2021).

[41] *Greer*, 2013 WL 4512055, at *1.

[42] *Id.* at 2.

[43] *Id.* at 3-4.

[44] *Id.* at 4.

1       In *Stuart v. City of Scottsdale*, the defendant held a judgment against the plaintiff

2 for the cost of attorney's fees incurred in defending the lawsuit the plaintiff commenced.[45]

3 The plaintiff argued A.R.S. § 25-215(D) barred the defendant from collecting against his

4 marital community because plaintiff's wife was not joined in the lawsuit.[46]  The court held

5 A.R.S. § 25-215(D) did not bar the defendant's collection efforts because the "statute only

6 applies to claims, naming spouses as defendants, brought to collect a debt or obligation."[47]

7 The plaintiff, instead, initiated the lawsuit for the benefit of his marital community.[48]

8       Under A.R.S. § 25-215(D), spousal joinder is only required in an *action brought*

9 *by the creditor or plaintiff* against the community. In the case at bar, the Stipulated

10 Judgment may have occurred within the Adversary Proceeding but departs from the relief

11 sought by the Amended Complaint.  The Amended Complaint sought relief against Debtor

12 denying his discharge under § 727 but did not seek a money judgment.  Since the LLC

13 had been dismissed from the Adversary Proceeding, only Martin remained as a plaintiff.

14 The Stipulated Judgment dismissed the § 727 claims, thereby paving the way for the

15 Community to obtain its discharge of all claims except the claims of Martin and the LLC

16 under § 523.  The Stipulated Judgment also quantified the amount of the nondischargeable

17 debt owed to Plaintiffs and described the payment structure Plaintiffs would accept to

18 induce them to forebear from executing on the Stipulated Judgment.  The Stipulated

19 Judgment also granted relief in favor of the LLC even though it had been dismissed as a

20 party plaintiff in the Adversary Proceeding.  In other words, the Amended Complaint was

21 the springboard that led to the Stipulated Judgment, but the Agreement was a new

22 agreement Debtor voluntarily entered into with the Plaintiffs. The Agreement itself was

23

24

---

[45] *Stuart*, 2021 WL 3675220, at *1.

25 [46] *Id.* at 4.

[47] *Id.*

26 [48] *Id.* at 5; *see also Eng v. Stein*, 123 Ariz. 343, 345 (Ariz. 1979) (holding A.R.S. § 25-215(D) refers to "a *cause of action being brought against* both husband and wife") (emphasis added).

not "*an action on such debt or obligation.*" The Agreement itself was not an action at all, and not an action contemplated in the Amended Complaint.

Debtor had the power to bind the Community to this Agreement under A.R.S. § 25-214(C). The Stredneys seek to expand A.R.S. § 25-215(D) beyond an "action on such debt or obligation" to include settlement agreements in an action under very different terms than sought in the Amended Complaint.[49] No cases have been brought to this Court's attention which support application of A.R.S. § 25-215(D) to the Agreement or the Stipulated Judgment.

The facts before this Court are more akin to the *Greer* and *Stuart* cases. The Debtor agreed to the Stipulated Judgment and in doing so he unilaterally bound the Community under A.R.S. § 25-214(C),[50] unless either the Debtor's Agreement or Stipulated Judgment or the pre-Petition Date "tortious" actions of the Debtor did not benefit the Community. Since the Debtor's Agreement, Stipulated Judgment and "tortious" actions are presumed to benefit the Community, the Stredneys now bear the burden of demonstrating by clear and convincing evidence that Debtor's actions did not benefit the Community. On the other hand, if the Plaintiffs demonstrate Ms. Richards consented to the actions of the Debtor, no benefit to the Community need be shown. These fact issues have not been resolved by the pleadings of the parties. The Court must conduct an evidentiary hearing to determine these remaining factual issues.

2. <u>An Innocent Nonbdetor Spouse Need Not be Joined in a § 523 Action.</u>

Even if A.R.S. § 25-215(D) did apply to the Stipulated Judgment, an action to determine the dischargeability of a debt is governed by the Code and Rules and not by

---

[49] The Stredneys' pleadings cite only cases where the creditor could not collect the judgment from the marital community because the creditor failed to name both spouses in the lawsuit the creditor initiated.
[50] Again, under A.R.S. § 25-214(C), one spouse can unilaterally bind the community.

Arizona court procedures.[51] To the extent the Code conflicts with state law, the "Code will control under the supremacy clause, Article VI, Clause 2 of the United States Constitution."[52]

A creditor asserting a nondischargeable claim against a debtor under § 523 need not join the innocent nondebtor spouse or seek special relief to obtain a nondischargeable judgment against the couples' marital community.[53]  In *Maready*, the husband alone filed bankruptcy. A creditor filed an adversary complaint against only the debtor seeking a determination that its claim was nondischargeable under § 523.  The debtor and creditor (but not the debtor's wife) entered into a settlement agreement to determine the dischargeability of the debt.   The court entered a stipulated judgment in accordance with the settlement agreement.  The complaint, settlement agreement, and stipulated judgment named only the debtor, making no reference to his wife or the couples' marital community. The bankruptcy court for the District of Arizona held the stipulated judgment was unenforceable against debtor's wife or the couples' martial community because the wife was not joined as a party and was deprived of her procedural due process. [54] On appeal, the BAP rejected the bankruptcy court's holding explaining:

> There is no statute or rule that requires a plaintiff to allege and prove that a debt is a community claim to obtain an exception to discharge under § 523, nor is a community claim an element of § 523. In short, nowhere in the rules or the Code is there a requirement to give the 'innocent spouse' notice at this point in the bankruptcy case that a judgment creditor will attempt to satisfy a debt from community property.[55]

The BAP never explicitly addressed whether the creditor's nondischargeable stipulated judgment was enforceable against the couples' community property because the

---

[51] *Banks v. Gill Distribution Centers, Inc*, 263 F.3d 862, 868 (9th Cir. 2001).
[52] *In re Teel,* 34 B.R. 762, 764 (9th Cir. BAP. 1983).
[53] *In re Maready*, 122 B.R. 378, 381-82 (9th Cir. BAP 1991).
[54] *Id.* at 733-34.
[55] *Id.* at 382.

bankruptcy court had not determined that the debt was a community obligation.[56] Rather, the BAP explained that the couples' "[c]ommunity property [was] not liable for a debt *unless* it [was] shown to be a community claim."[57]

Recently, the BAP confirmed *Maready's* rationale. In *Lockhart-Johnson*[58] the court reiterated that a creditor asserting a nondischargeability claim under § 523 need not join the innocent nondebtor spouse because "pursuant to § 524(a)(3), a community claim excepted from discharge under § 523 is *automatically* excepted from the community property discharge."[59]

By operation of § 524(a)(3), the post-Petition Date assets acquired by the Community will be liable for a nondischargeable community debt regardless of whether Plaintiffs named Ms. Richards or the Community in this Adversary Proceeding.

Finally, this Court rejects the Stredneys' Rule 60 argument. Plaintiffs are not seeking relief from the Stipulated Judgment to add the Community to that judgment. Rather, Plaintiffs seek to collect on the Stipulated Judgment by reaching Community assets. No revision to that judgment is necessary or appropriate under these circumstances.

### 3. Operation of § 524(a)(3): The Community Property Discharge.

Section 524(a)(3) and 9th Circuit BAP caselaw make clear that community property acquired after a bankruptcy petition is automatically liable for community obligations where the community obligation is nondischargeable under § 523, regardless of whether the innocent nondebtor spouse was named in the discharge action. This makes sense given that a community's creditors are automatically prevented from reaching community property acquired post-petition if the debtor receives a discharge in

---

[56] The BAP remanded the case for such determination.
[57] *Id.* at 381 (emphasis added).
[58] *In re Lockhart-Johnson*, 631 B.R. 38, 45 (9th Cir. BAP 2021).
[59] *Id.* at 45 (emphasis added) (citing *Maready*, 122 B.R. at 381-82).

bankruptcy, even where the debtor's spouse did not join in the bankruptcy filing and did not otherwise obtain their own bankruptcy discharge.[60] So long as a spouse remains married to the "wrongdoer" spouse, the innocent nondebtor spouse in a community property state essentially shares the burden of the community's responsibility for the acts of the wrongdoing spouse where the pre-petition community obligation is nondischargeable.[61] "The Code's clear policy is that the economic sins of either spouse shall be visited upon the community property when a discharge is denied as to community debt."[62]

### 4. Community Liability.

Debtor subjected himself and his Community's assets and liabilities to the Bankruptcy Court's jurisdiction as well as the corresponding Rules in bankruptcy.[63] A.R.S. § 25-215(D) simply does not apply to nondischargeability proceedings under § 523.

However, the Stredneys argue that, even if § 523 Relief does not require joinder of a nondebtor spouse, A.R.S. § 25-215(D) always requires spousal joinder before the entry of a money judgment. Here, as in *Maready*, the Court entered a Stipulated Judgment pursuant to the Settlement Agreement of the Debtor and Plaintiffs.[64] The BAP in *Maready* did not distinguish between § 523 Relief and the entry of a money judgment, nor did the BAP mention A.R.S. § 25-215.[65] The 9th Circuit has pointed out that a bankruptcy court's authority to enter a money judgment in addition to § 523 Relief is critical since "it is impossible to separate the determination of nondischargeability function from the function

---

[60]*See In re Kimmel,* 378 B.R. 630, 636 (9th Cir. BAP 2007).
[61] 4 Collier on Bankruptcy ¶ 524.02[3] (16th ed. 2018).
[62] *Rollinson*, 322 B.R. at 883 (citing *In re LeSueur*, 53 B.R. 414, 416 (Bankr. D. Ariz. 1985)).
[63] *See In re Sasson*, 424 F.3d 864, 870 (9th Cir. 2005).
[64] DE 84.
[65] A.R.S. § 25-215(D) was in effect before the BAP's decision in *Maready*. The BAP never addressed it likely because, as this Court points out below, A.R.S. § 25-215(D) does not apply to stipulated judgments.

of fixing the amount of nondischargeable debt."[66]  Accordingly, this Court rejects the Stredneys' suggestion that a "single-spouse money judgment is not enforceable against a marital community and community property *even if the underlying claim was a community claim*."

Furthermore, Plaintiffs' failure to name Ms. Richards in this Adversary Proceeding did not violate Ms. Richards' due process rights on the question of whether the nondischargeable obligation owed to Plaintiffs was a debt of the Community.  Whether this debt is an obligation of the Community was not a ripe issue when the Court entered the Stipulated Judgment.  In both *Maready* and *Lockhart-Johnson*, the 9th Circuit BAP explained that the proper time to contest whether a nondischargeable judgment can be enforced against a marital community is at the time of collection.[67]

Plaintiffs are now seeking to collect the Stipulated Judgment against property of the Community.  Now is the time to determine whether the subject nondischargeable debt is an obligation of the Community. Ms. Richards has been notified of Plaintiffs' intent to execute on assets of the Community to satisfy the Stipulated Judgment.  Ms. Richards has submitted herself to the jurisdiction of this Court.  This Court hereby joins the Community and Ms. Richards as party defendants to this Adversary Proceeding.  At long last, it is time for the parties to present evidence to this Court on the question of whether the subject debt is a Community debt or Debtor's sole and separate debt. Now is the time for Ms. Richards to obtain the due process to which she is entitled.[68]

---

[66] *In re Kennedy,* 108 F.3d 1015, 1018 (9th Cir. 1997) (quoting *In re Devitt*, 126 B.R. 212, 215 (Bankr. D. Md. 1991).

[67] *Lockhart-Johnson*, 631 B.R. at 45-45 (citing *Maready*, 122 B.R. at 381-82).  On appeal in *Maready*, the BAP did not agree with the bankruptcy court's ruling that Ms. Maready's procedural due process rights were violated. *See Maready*, 122 B.R. at 381-82.

[68] This Court is mindful of the holding in *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 676 P.2d 669, 670 (1984) where Division 2 of the Arizona Court of Appeals held that "[a] judgment against one spouse does not bind the community."  In *Spudnuts*, the court refused to allow the post-judgment addition of defendant's spouse, Ms. Lane, to an action where that judgment had "been laid to rest on appeal." Unlike *Spudnuts*, however, Ms. Richards has been notified of Plaintiffs' effort to collect the Stipulated Judgment from property of the Community, she has appeared before this Court contesting the Community's liability to Plaintiffs and she will be afforded the due

## C.     Ms. Richards' Sole and Separate Property.

Plaintiffs do not contend that Ms. Richards caused any harm to them and the time to sue her on a sole and separate obligation has long since passed. The Stipulated Judgment cannot, therefore, be collected from Ms. Richards' sole and separate property.[69] Moreover, should the Community ever be dissolved (for example by a non-fraudulent post-nuptial agreement, separation agreement, lawful dissolution of marriage, or by the passing of the Debtor), Ms. Richards' sole and separate property will not be liable for the Stipulated Judgment.[70]

## V.     CONCLUSION

Based on the foregoing, this Court finds A.R.S. § 25-215(D) does not apply to nondischargeable proceedings in bankruptcy. Section 524(a)(3) makes the marital community automatically liable for a nondischargeable community claim regardless of whether both spouses are joined in a non-discharge action. A.R.S. § 25-215(D) does not apply to the Agreement or the Stipulated Judgment to which the Debtor alone consented. Nothing under the Code or Rules required Plaintiffs to join Ms. Richards as a party to the

---

process, which could not be granted to Ms. Lane in *Spudnuts*. This Court finds that the facts in *Spudnuts* make its holding inapplicable to the facts before this Court.

[69] *See In re Tsurukawa*, 258 B.R. 192 (9th Cir. BAP 2001); *In re Clark*, 179 B.R. 898 (Bankr. D. Ariz. 1995).

[70] The Court is mindful of the Arizona Court of Appeals decision in *Community Guardian Bank v. Hamlin*. 182 Ariz. 627, 631-32 (App. 1995) *corrected* (July 10, 1995) (holding ". . . both spouses remain jointly liable for the community obligations after divorce"). In this Court's decision in *In re Mangold*, the Court questioned whether *Hamlin* overstated its holding regarding the spouse who did not incur the community debt at issue in that case. No: 2-12-bk-16858-DPC (May 25, 2018), DE 95. As to that spouse, this Court contends her liability on the community debt does not make her sole and separate property liable for the community debt after the community is dissolved, but rather extends only to the extent of the community property (or the value of that property) which she received from her divorce. After all, the community's creditors were never entitled to collect from her sole and separate property and such creditors would be disadvantaged by the divorce disposition only to the extent she retains community property which should be available to pay the community's creditors. If creditors wanted her sole and separate property to be available to satisfy their claims, they could and should have had her personally (i.e., solely and separately) sign for the debt. If the community debt was a tort incurred by the debtor's spouse, the tort victim would have no claim against the innocent spouse's sole and separate property, so why should the post-divorce sole and separate property of the debtor stand good for the tortfeasor's liability? The Court is by no means urging or even suggesting that Debtor or Ms. Richards seek a divorce. The Court is merely suggesting that if a debt is nondischargeable in bankruptcy and is binding on an Arizona martial community, that debt is the sole and separate debt of the acting or contracting spouse as well as a debt of the community so long as a community exists, but that debt is never the sole and separate debt or post-marital dissolution debt of the innocent spouse.

Adversary Proceeding or the Agreement or the Stipulated Judgment. This Court finds that if the Community is ever legally and unavoidably dissolved, Ms. Richards' earnings thereafter, and her legitimately acquired post-dissolution property will become her separate property, not susceptible to the Plaintiffs' Stipulated Judgment.

IT IS ORDERED that Plaintiffs and the Stredneys submit to this Court no later than January 31, 2022, a joint pretrial statement identifying the witnesses and exhibits the parties intend to introduce at an evidentiary hearing to be held by the Court on the question of whether all or a portion of the debt memorialized by the Agreement and Stipulated Judgment are obligations of this Community.[71] That pretrial statement should include the length of trial suggested as well as a date after which the parties will be ready for trial.

DATED AND SIGNED ABOVE.

**To be Noticed through the BNC to:**
Interested Parties

---

[71] To be clear, this trial will not address the dischargeability or the magnitude of the subject debt. Those issues were resolved by the Agreement and Stipulated Judgment. The sole remaining question for this Court to decide is whether the admitted nondischargeable obligation of Debtor is also an obligation of the Community.